**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATIE LOCKYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| EQUIFAX, INC., EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., and | ) | |
| TRANSUNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, KATIE LOCKYER ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendants, OCWEN LOAN SERVICING, LLC, EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC ("Ocwen", "Equifax", "Experian", and "TransUnion" respectively and "Defendants" collectively):

## INTRODUCTION

1. Counts I to IV of Plaintiff's Complaint are based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. This court has jurisdiction under the FCRA, 15 U.S.C. § 1681, *et seq*.

4. Defendants conduct business in Chicago, Cook County, Illinois

1

5.  Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6.  Plaintiff is an individual who was at all relevant times residing in Norman, Cleveland County, Oklahoma.

7.  Defendant Ocwen is a loan management, servicing and asset recovery company that does business in Chicago, Cook County, Illinois, and has a principal place of business located in West Palm Beach, Florida.

8.  Defendant Equifax is a credit reporting agency that does business in Chicago, Cook County, Illinois, and has a principal place of business located in Atlanta, Georgia.

9.  Defendant Experian is a credit reporting agency that does business in Chicago, Cook County, Illinois, and has a principal place of business located in Allen, Texas.

10. Defendant TransUnion is a credit reporting agency that does business in Chicago, Cook County, Illinois, and has a principal place of business located in Chester, Pennsylvania.

11. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. At all relevant times, each Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

13. At all relevant times Defendants, Equifax, Experian and TransUnion each was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

14. At all relevant times Defendant Ocwen was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

2

15. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

### FACTUAL ALLEGATIONS AS TO DEFENDANT OCWEN

16. The inaccurate information of which Plaintiff complains is an account, or trade-line, that negatively reflects Plaintiff's history of credit.

17. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Ocwen.

18. In or around August 2016, Plaintiff filed a lawsuit against Defendant Ocwen for violating the Telephone Consumer Protection Act.

19. As a result of the aforementioned lawsuit in or around November 2016, Plaintiff and Ocwen entered into a confidential settlement agreement by which Plaintiff would pay Ocwen pursuant to a payment plan.

20. On or about May 12, 2017, Plaintiff sent a letter to Defendants, Equifax, Experian and TransUnion informing it of the inaccurate reporting of the trade-line and requesting that Defendants, Equifax, Experian and TransUnion correct the inaccuracy.

21. Ocwen was notified by Co-Defendants, Equifax, Experian and TransUnion of Plaintiff's dispute.

22. Plaintiff's letter explained that Plaintiff's alleged account with Ocwen was current and paid under a payment plan pursuant to a confidential settlement agreement between Plaintiff and Ocwen, but is reported as an account with an outstanding balance.

23. Ocwen failed to undertake a reasonable investigation following the notification received from its Co-Defendants, Equifax, Experian and TransUnion of Plaintiff's dispute because it continued to disseminate inaccurate statements and information despite Plaintiff's

current account.

## FACTUAL ALLEGATIONS AS TO DEFENDANTS, EQUIFAX, EXPERIAN AND TRANSUNION

24. The inaccurate information of which Plaintiff complains is an account, or trade-line, that negatively reflects Plaintiff's history of credit.

25. On or about May 12, 2017, Plaintiff sent a letter to Defendants, Equifax, Experian and TransUnion informing it of the inaccurate reporting of the trade-line.

26. The aforementioned trade-lines are currently reporting to Plaintiff's credit report as an account with Ocwen.

27. Plaintiff requested that Defendants, Equifax, Experian and TransUnion correct the inaccuracy.

28. Plaintiff's letter explained that Plaintiff's alleged account with Ocwen was current and paid under a payment plan pursuant to a confidential settlement agreement between Plaintiff and Ocwen, but is reported as an account with an outstanding balance.

## FACTUAL ALLEGATIONS AS TO ALL DEFENDANTS

29. Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various consumer reporting agencies, as that term is defined by 15 U.S.C. § 1681a(f).

30. Defendants are aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

31. Despite all of the foregoing factual allegations, Defendants have disseminated information

stating that Plaintiff is liable for the reported debts, of which she is not liable because he account is current and paid under a payment plan pursuant to a confidential settlement agreement between Plaintiff and Ocwen.

32. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

33. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

34. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

35. As a result of the Defendants' acts and/or omissions Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation, and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

37. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**COUNT I**
**DEFENDANT OCWEN VIOLATED THE FAIR CREDIT REPORTING ACT**

38. Defendant Ocwen violated § 1681n and § 1681o of the FCRA by engaging in the following

conduct that violates 15 U.S.C. § 1681s-2(b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

g. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

WHEREFORE, Plaintiff, KATIE LOCKYER, respectfully requests judgment be entered

against Defendant, OCWEN LOAN SERVICING, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c.   Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d.   Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e.   Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

39. Defendant Equifax violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a.   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b.   Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c.   Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d.   Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

    f.   Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681(i).

WHEREFORE, Plaintiff, KATIE LOCKYER, respectfully requests judgment be entered against Defendant, EQUIFAX, INC., for the following:

    a.   All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

40. Defendant Experian violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

f. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681(i).

WHEREFORE, Plaintiff, KATIE LOCKYER, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT TRANSUNION VIOLATED THE FAIR CREDIT REPORTING ACT

41. Defendant TransUnion violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

f. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681(i).

9

WHEREFORE, Plaintiff, KATIE LOCKYER, respectfully requests judgment be entered against Defendant, TRANSUNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.


DATED: September 13, 2017          RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
          Michael S. Agruss
          IL State Bar #: 6281600
          Agruss Law Firm, LLC
          4809 N. Ravenswood Ave.
          Suite 419
          Chicago, IL 60640
          Tel: 312-224-4695
          Fax: 312-253-4451
          michael@agrusslawfirm.com
          Attorney for Plaintiff